IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Darrell Devon Hunter,                    )
                                         )     C.A. No. 0:06-2505-HMH-BM
                Plaintiff,               )
                                         )
                                         )     **OPINION & ORDER**
        vs.                              )
                                         )
IGC Ken Rainwater, Warden Michael        )
Sheedy, DHO Angelia R. Brown, and        )
IGA Ann Hallman,                         )
                                         )
                Defendants.              )

        This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and

Local Civil Rule 73.02 of the District of South Carolina.[1]  Darrell Devon Hunter ("Hunter"),

a South Carolina state prisoner, filed suit pursuant to 42 U.S.C. § 1983 alleging that the

Defendants violated his civil rights.  In his Report and Recommendation filed September 6,

2007, Magistrate Judge Marchant recommends granting the Defendants' motion for summary

judgment.  On September 11, 2007, Hunter filed objections to the Report and

Recommendation.  For the reasons stated below, the court adopts the Report and

Recommendation and grants the Defendants' motion for summary judgment.

---

        [1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber,
423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made.  The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hunter is currently incarcerated at the Tyger River Correctional Institution in Enoree, South Carolina. In his complaint, Hunter states that on February 8, 2005, while he was incarcerated at the Turbeville Correctional Institution ("TCI"), he appeared "before . . . [a] major disciplinary hearing for a rule violation of '822' sexual misconduct." (Compl. 3.) Defendant Angelia R. Brown ("Brown") presided over the hearing as the disciplinary hearing officer ("DHO"). (Id.) Hunter alleges that during the hearing, Brown improperly led "the accusing officer to help convict me of that particular infraction," and that her finding of guilt was not supported by substantial evidence. (Id.)

Following the hearing, Hunter filed a grievance, which Defendant Ken Rainwater ("Rainwater") denied. (Id.) Hunter alleges that Rainwater failed to properly examine the evidence before denying his grievance. (Id. 4.) According to Hunter, Rainwater forwarded Hunter's grievance to Defendant Michael Sheedy ("Sheedy"), who also erroneously denied the grievance. (Compl. 4.) Finally, Hunter alleges that, as Rainwater's supervisor, Defendant Ann Hallman ("Hallman") failed to "look into the matter" and reverse his conviction. (Id. 4-5.)

Hunter appealed his conviction with the administrative law court, and on February 3, 2006, Administrative Law Judge ("ALJ") John D. McLeod reversed his conviction on the grounds that "[t]he record and evidence were inadequate in the following respects: (a) [n]umerous portions not transcribed because 'inaudible'[, and] (b) [u]ncertainty of accuser as to identification without prompting by the DHO." (Id. Ex. 1 (February 3, 2006, Order 6-7).)

2

Hunter alleges that as a result of his conviction, he was placed in lock-up and deprived of his good-time credits. (Compl. 5-6.) However, he concedes that his good-time credits were ultimately restored by the ALJ. (Id. 6.) Consequently, he is seeking only "damage for depriving my constitutional rights" in the amount of $3,000,000.00. (Id.)

Hunter filed the instant action on September 8, 2006. On March 13, 2007, the Defendants filed a motion for summary judgment. On March 14, 2007, Hunter was notified of the summary judgment motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Hunter filed a motion for summary judgment on March 22, 2007. Hunter did not file a separate response to the Defendants' motion for summary judgment.

Magistrate Judge Marchant recommended denying Hunter's motion and granting summary judgment to the Defendants because Hunter's conviction satisfied due process requirements and because he had no constitutionally protected liberty interest in remaining in the general population. (Report and Recommendation 4, 7.) In addition, the Magistrate Judge noted that, to the extent Hunter's complaint challenges the prison grievance process itself or alleges that the prison failed to follow its own policies and procedures, such claims fail to implicate constitutional rights. (Id. 6, 8-9.)

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any

explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Hunter filed objections to the Report and Recommendation.  However, the majority of his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean two specific objections.

First, Hunter objects to Magistrate Judge Marchant's finding that Hunter's conviction did not violate his due process rights.  The United States Supreme Court has held that in the context of prison disciplinary proceedings, due process "requires only that there be some evidence to support the findings made in the disciplinary hearing."  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 457 (1985).  Hunter contends that no evidence supported his original conviction.  However, the court agrees with the Magistrate Judge that some evidence supported his conviction.

At Hunter's hearing, Officer Burgess testified that she witnessed Hunter masturbating in someone else's room, but at the time did not know his name.  (Defs.' Mem. Supp. Summ. J. Ex. 2 (Disciplinary H'rg Tr. 4-7).)  Consequently, after witnessing the violation, Officer Burgess testified that she pointed Hunter out to another officer, who identified him.  (Id.)  Specifically, Officer Burgess and Brown had the following exchange:

> Burgess:    I looked up & he was in the room & when Rogers came back I
>             pointed out Rogers to him.  I said I don't know him.  He told me
>             the room # & where to look him up (inaudible) and Y # &
>             everything.  That's how I got to know who he was when I got to
>             the door.  Rogers gave me the information on (inaudible).
>
> DHO:        So Ofc. Rogers helped you identify [inmate] Hunter?

4

| Burgess: | Exactly.  He told me what room # he was in.  The room was 104A & that was not his room. |
| DHO: | So you pointed out [inmate] Hunter to Rogers & he told you that's Darrell Hunter & his dorm. |
| Burgess: | Yeah, he told me to go to the door & get everything, the room # & everything should be there. |

(Id. Ex. 2 (Disciplinary Hr'g Tr. 5).)  Later, Burgess admitted some doubt as to Hunter's identity.  "I'm being honest.  It looks like him, but I can't tell you sure & how I can identify what I saw coming out the room, I notified Rogers & Ofc. Rogers told me it was him.  As far as my knowledge I'm going to be honest."  (Id. Ex. 2 (Disciplinary Hr'g Tr. 6).)  However, despite this admission, Officer Burgess's testimony constituted some evidence to support Hunter's conviction.  See Hill, 472 U.S. at 457 ("Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.").  Therefore, Hunter's objection asserting that no evidence supported his conviction is without merit.

Second, Hunter objects to the Magistrate Judge's finding that "just because [Hunter's] conviction was reversed does not mean that a constitutional violation occurred."  (Report and Recommendation 5.)  Hunter contends that "[a] successful administrative appeal does not bar [a] § 1983 claim where plaintiff served punishment and was not afforded rehearing.  Walker v. Bates, 23 F.3d 652, 657-58 (2d Cir. 1994)."  (Objections 2.)  However, the holding in Walker is inapposite to Hunter's situation.

In Walker, the United States Court of Appeals for the Second Circuit held that "[o]nce a cause of action for a constitutional violation accrues, nothing that the state does subsequently

can cut off the § 1983 action." Walker, 23 F.3d at 657 (internal quotation marks omitted).

However, Hunter did not suffer any constitutional violation. As Magistrate Judge Marchant

noted, Hunter's disciplinary hearing fully complied both substantively and procedurally with

the requirements of due process. (Report and Recommendation 4-6.)

It is undisputed that Hunter was provided with written notice of the charges, the

opportunity to have his accuser present at the hearing, the opportunity to present his own

testimony and evidence, a counsel substitute, and a copy of the final decision and support for

that decision, which he was allowed to appeal. (Defs.' Mem. Supp. Summ. J. Ex. 1

(Disciplinary Report and Hr'g R. 1) & Ex. 2 (Disciplinary Hr'g Tr., generally).) In addition, as

discussed above, Hunter's conviction was supported by some evidence. Finally, because

Hunter's good-time credits were restored, the only deprivation he suffered was segregation from

the general prison population, which is not a constitutionally protected liberty interest. See

Sandin v. Conner, 515 U.S. 472, 485-86 (1995) (holding that discipline in segregated

confinement does not implicate constitutional liberty interests). Therefore, Hunter never

accrued a cause of action for a constitutional violation, and Walker does not apply. Based on

the foregoing, after a thorough review of the Magistrate Judge's Report and the record in this

case, the court adopts Magistrate Judge Marchant's Report and Recommendation.

It is therefore

**ORDERED** that the Defendants' motion for summary judgment, document number 20, is granted.  It is further

**ORDERED** that Hunter's motion for summary judgment, document number 23, is denied.  It is further

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 26, 2007

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of his right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.